**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SPRINT PCS ASSETS, L.L.C., a
Delaware limited liability
company, wholly-owned by Sprint
Telephony PCS, LP, a Delaware
limited partnership,
            *Plaintiff-Appellee,*

            v.

CITY OF PALOS VERDES ESTATES, a
California municipality; CITY
COUNCIL OF THE CITY OF PALOS
VERDES ESTATES, its governing
body; JOSEPH SHERWOOD, in his
official capacity as Mayor Pro
Tem of the City of Palos Verdes
Estates; JOHN FLOOD, in his official
capacity as Councilmember of the
City of Palos Verdes Estates;
ROSEMARY HUMPHREY, in her
official capacity as
Councilmember of the City of
Palos Verdes Estates; DWIGHT
ABBOTT, in his official capacity as
Councilmember of the City of
Palos Verdes Estates; JAMES F.
GOODHART, in his official capacity
as Councilmember of the City of
Palos Verdes Estates,
            *Defendants-Appellants.*

No. 05-56106

D.C. No.
CV-03-00825-AHS
Central District
of California,
Santa Ana

ORDER
REQUESTING
THAT THE
SUPREME COURT
OF CALIFORNIA
DECIDE A
QUESTION OF
CALIFORNIA
LAW

Filed May 8, 2007

5179

Before: Barry G. Silverman, Kim McLane Wardlaw, and
Jay S. Bybee, Circuit Judges.

---

## ORDER

We respectfully request that the Supreme Court of California decide the question set forth in Part III of this order. Submission of this appeal is deferred, and all further proceedings are stayed pending receipt of the Supreme Court of California's decision. The panel retains jurisdiction over further proceedings in this court. The parties will notify the Clerk of this court within one week after the Supreme Court of California accepts or declines this request, and again within one week after that court renders its decision.

### I.

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, requests that the Supreme Court of California decide whether California Public Utilities Code §§ 7901 and 7901.1 permit public entities to regulate the placement of telephone equipment in public rights of way on aesthetic grounds. The decisions of the Supreme Court of California and the California Courts of Appeal provide no answer, and a similar question is currently pending before the Supreme Court of California in *Sprint Telephony PCS v. County of San Diego*, Case No. S145541. We understand that the Supreme Court of California may reformulate our question, and we agree to accept and follow the court's decision.

II.

The caption of this case is:

SPRINT PCS ASSETS, L.L.C., a
Delaware limited liability
company, wholly-owned by Sprint
Telephony PCS, LP, a Delaware
limited partnership,

      Plaintiff-Appellee,

  v.

CITY OF PALOS VERDES ESTATES, a
California municipality; CITY
COUNCIL OF THE CITY OF PALOS
VERDES ESTATES, its governing
body; JOSEPH SHERWOOD, in his
official capacity as Mayor Pro
Tem of the City of Palos Verdes
Estates; JOHN FLOOD, in his official
capacity as Councilmember of the
City of Palos Verdes Estates;
ROSEMARY HUMPHREY, in her
official capacity as
Councilmember of the City of
Palos Verdes Estates; DWIGHT
ABBOTT, in his official capacity as
Councilmember of the City of
Palos Verdes Estates; JAMES F.
GOODHART, in his official capacity
as Councilmember of the City of
Palos Verdes Estates,

     Defendants-Appellants.

No. 05-56106
D.C. No.
CV-03-00825-AHS
Central District
of California,
Santa Ana

Counsel for the parties are as follows:

For Plaintiff-Appellee:

John J. Flynn
Gregory W. Sanders
Nossaman, Guthner, Knox & Elliot, LLP
18101 Von Karman Avenue, Suite 1800
Irvine, California 92612
(949) 833-7800

For Defendants-Appellants:

Scott J. Grossberg
Richard R. Clouse
Amy von Kelsche-Berk
Cihigoyenetche, Grossberg & Clouse
8038 Haven Avenue, Suite E
Rancho Cucamonga, California 91730
(909) 483-1850

Daniel P. Barer
Pollak, Vida & Fisher
1800 Century Park East, Suite 400
Los Angeles, California 90067
(310) 551-3400

If the Supreme Court of California accepts this request, Appellants should be deemed the petitioners.

### III.

The question for which we seek an answer is:

Do California Public Utilities Code §§ 7901 and 7901.1 permit public entities to regulate the placement of telephone equipment in public rights of way on aesthetic grounds?

This appeal involves the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7)(B)(iii), which requires this court to perform substantial evidence review of Appellants' application of the City of Palos Verdes Estates' wireless ordinance. The answer to the foregoing question of law is necessary for this court to conduct that review, because the validity of the wireless ordinance under California law is a threshold question.

IV.

The relevant facts are as follows:

The City of Rancho Palos Verdes ("the City") enacted Chapter 18.55 of the Palos Verdes Municipal Code pursuant to the federal Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7), which preserves "the authority of . . . State or local government . . . decisions regarding the placement, construction, and modification of personal wireless service facilities." Chapter 18.55 sets forth permit standards and requirements for the installation of personal wireless facilities. In applying this chapter of the Municipal Code, the City considers the aesthetic impact of any proposed wireless facility.

In 2002, Sprint PCS Assets, L.L.C. ("Sprint") submitted applications to construct two wireless facilities in public rights of way in the City. Both of those applications were denied. After its appeals to the City's Planning Commission and the City Counsel were denied, Sprint challenged the decision by bringing suit in the Central District of California. Sprint's complaint alleged, inter alia, that the City violated 47 U.S.C. § 332(c)(7)(B)(iii), which provides that: "Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." The district court reviewed the City's decision and granted summary judgment in favor of Sprint, holding that the City's "denials of Sprint's permit applications were not supported by substantial evi-

dence. Aesthetic grounds do not qualify under California law and California Public Utilities Code sections 7901 and 7901.1 preempt Chapter 18.55 of the City's ordinances."

## V.

We respectfully submit that the question we pose is worthy of decision because it arises frequently in Telecommunications Act cases, its decision may be dispositive in this case, it is not answered by any opinions of the Supreme Court of California or the California Courts of Appeal, and it is currently pending in another case before the Supreme Court of California.

In an unpublished, non-precedential, memorandum disposition, our court held that California Public Utilities Code §§ 7901 and 7901.1 preempted the City of La Cañada Flintridge from denying a permit for wireless service facilities based on aesthetics. *Sprint PCS Assets, L.L.C. v. City of La Cañada Flintridge*, No. 05-55014, 182 Fed. Appx. 688 (9th Cir. 2006) (mem.). In reaching that conclusion, our court examined the legislative history of those code sections, and analyzed the language of the statute, but did not rely on any opinions of the Supreme Court of California or the California Courts of Appeal.

The California Court of Appeal also addressed this issue in *Sprint Telephony PCS v. County of San Diego*, Case No. D045957, and disagreed with the conclusion reached by our court in *City of La Cañada Flintridge*. However, that court's decision was depublished when the Supreme Court of California granted a petition for review on September 13, 2006.

We respectfully request that the Supreme Court of California accept and decide this question.

## VI.

The Clerk shall file this order and ten copies, along with all briefs in this appeal with the Supreme Court of California;

provide certificates of service to the parties; and provide additional record materials if so requested by the Supreme Court of California. *See* Cal. R. Ct. 8.548(c) and (d).

**IT IS SO ORDERED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.